12 CIV 0897

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEB 03 2012

U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| PURDUE PHARMA L.P., <br> THE P.F. LABORATORIES, INC., <br> PURDUE PHARMACEUTICALS L.P., <br> RHODES TECHNOLOGIES, <br> BOARD OF REGENTS OF THE UNIVERSITY OF <br> TEXAS SYSTEM, <br> and GRÜNENTHAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | C.A. No. _____ |

## COMPLAINT

Plaintiffs Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., Rhodes Technologies, Board of Regents of The University of Texas System, and Grünenthal GmbH for their Complaint herein, aver as follows:

## NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES: PLAINTIFFS

2.   Plaintiff Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901-3431.   Purdue Pharma is an owner of United States Patent Nos. 7,674,799, 7,674,800, and 7,683,072 identified in paragraphs 16-18 below, an exclusive sublicensee of United States Patent No. 6,488,963 identified in

paragraph 15 below, and an exclusive licensee of United States Patent No. 7,776,314 identified in paragraph 19 below. Purdue Pharma is also the holder of New Drug Application ("NDA") No. 022272 for the controlled-release oxycodone pain-relief medication OxyContin®, and is involved in the sales of OxyContin® in the United States.

3.     Plaintiff The P.F. Laboratories, Inc. ("P.F. Labs") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, NJ 07512. P.F. Labs is an owner of United States Patent Nos. 7,674,799, 7,674,800, and 7,683,072 identified in paragraphs 16-18 below, and is involved in the manufacture of controlled-release oxycodone pain-relief medication under the brand name OxyContin®.

4.     Plaintiff Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, NC 27893. Purdue Pharmaceuticals is an owner of United States Patent Nos. 7,674,799, 7,674,800, and 7,683,072 identified in paragraphs 16-18 below, and is involved in the manufacture of controlled-release oxycodone pain-relief medication under the brand name OxyContin®.

5.     Plaintiff Rhodes Technologies ("Rhodes") is a general partnership organized and existing under the laws of the State of Delaware, having a place of business at 498 Washington Street, Coventry, RI 02816. Rhodes is an owner of United States Patent Nos. 7,674,799, 7,674,800, and 7,683,072 identified in paragraphs 16-18 below, and is involved in the manufacture of controlled-release oxycodone pain-relief medication under the brand name OxyContin®.

6.     Plaintiffs Purdue Pharma, P.F. Labs, Purdue Pharmaceuticals, and Rhodes

are associated companies.

7.    Plaintiff Board of Regents of The University of Texas System ("University of Texas") is an agency organized and existing under the laws of the State of Texas, having an address at 201 West 7th Street, Austin, TX 78701.  University of Texas is the owner of United States Patent No. 6,488,963 identified in paragraph 15 below.

8.    Plaintiff Grünenthal GmbH ("Grünenthal") is a corporation organized and existing under the laws of Germany, having an address at 52078 Aachen, Zieglerstrasse 6, Germany.  Grünenthal is the owner of United States Patent No. 7,776,314 identified in paragraph 19 below.

## THE PARTIES:  DEFENDANT

9.    Upon information and belief, Defendant Sandoz Inc. ("Sandoz") is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business at 506 Carnegie Center, Suite 400, Princeton, NJ 08540.

10.    Upon information and belief, Sandoz is registered as a Pharmacy Establishment in the State of New York by the New York State Department of Education, Office of the Professions.  (Registration No. 025939).  The Registration has an active status and is valid through October 31, 2012.

11.    Upon information and belief, Sandoz is registered as a Foreign Business Corporation by the New York State Department of State, Division of Corporations and lists Corporation Service Company, 80 State Street, Albany, NY 12207-2543 as its registered agent.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

3

13.     This Court has personal jurisdiction over Sandoz because, *inter alia*, Sandoz has purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District.   Upon information and belief, Sandoz does business in this State and this Judicial District, has engaged in continuous and systematic contact with this State and this Judicial District, and derives substantial revenue from things used or consumed in this State and this Judicial District.  Upon information and belief, Sandoz engages in the manufacture and sale of a range of pharmaceutical products within and directed to the United States and this Judicial District specifically.   Sandoz did not contest personal jurisdiction in this Judicial District in patent litigation concerning the same Abbreviated New Drug Application ("ANDA") at issue in this case directed to generic oxycodone hydrochloride extended release tablets. *See Purdue Pharma L.P. et al. v. Sandoz Inc.*, No. 11-civ-4694 (SHS)(JLC) (S.D.N.Y. July 7, 2011). Further, this Court has personal jurisdiction over Sandoz because Sandoz is registered as a Pharmacy Establishment in the State of New York by the New York State Department of Education, Office of the Professions.   This Court also has personal jurisdiction over Sandoz because Sandoz is registered as a Foreign Business Corporation by the New York State Department of State, Division of Corporations.  In addition, upon information and belief, Sandoz is actively preparing to make the proposed generic copies of OxyContin® that are the subject of ANDA No. 202762 described in paragraph 20 below, and to use, sell and offer for sale such generic copies in this State and this Judicial District.

14.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## THE PATENTS IN SUIT

15.     Plaintiff University of Texas is the lawful owner of all right, title and

interest in United States Patent No. 6,488,963 entitled "HOT-MELT EXTRUDABLE PHARMACEUTICAL FORMULATION" ("the '963 patent"), including the right to sue and to recover for past infringement thereof. Plaintiff University of Texas granted an exclusive license under the '963 patent to Abbott Laboratories, who in turn, granted an exclusive sublicense under that patent to Plaintiff Purdue Pharma. The '963 patent is listed in the U.S. Food and Drug Administration's ("FDA") "Orange Book" (*Approved Drug Products With Therapeutic Equivalence Evaluation*) as covering OxyContin®, which is the subject of approved NDA No. 022272. A copy of the '963 patent is attached hereto as Exhibit A, which was duly and legally issued on December 3, 2002, naming James W. McGinity and Feng Zhang as the inventors.

16.    Plaintiffs Purdue Pharma, P.F. Labs, Purdue Pharmaceuticals, and Rhodes are the lawful owners of all right, title and interest in United States Patent No. 7,674,799 entitled "OXYCODONE   HYDROCHLORIDE   HAVING   LESS   THAN   25   PPM   14-HYDROXYCODEINONE" ("the '799 patent"), including all right to sue and to recover for past infringement thereof, which patent is listed in FDA's Orange Book as covering the drug OxyContin®, which is the subject of approved NDA No. 022272. A copy of the '799 patent is attached hereto as Exhibit B, which was duly and legally issued on March 9, 2010, naming Robert Chapman, Lonn S. Rider, Qi Hong, Donald Kyle, and Robert Kupper as the inventors.

17.    Plaintiffs Purdue Pharma, P.F. Labs, Purdue Pharmaceuticals, and Rhodes are the lawful owners of all right, title and interest in United States Patent No. 7,674,800 entitled "OXYCODONE   HYDROCHLORIDE   HAVING   LESS   THAN   25   PPM   14-HYDROXYCODEINONE" ("the '800 patent"), including all right to sue and to recover for past infringement thereof, which patent is listed in the FDA's Orange Book as covering the drug OxyContin®, which is the subject of approved NDA No. 022272. A copy of the '800 patent is

attached hereto as Exhibit C, which was duly and legally issued on March 9, 2010, naming Robert Chapman, Lonn S. Rider, Qi Hong, Donald Kyle, and Robert Kupper as the inventors.

18.   Plaintiffs Purdue Pharma, P.F. Labs, Purdue Pharmaceuticals, and Rhodes are the lawful owners of all right, title and interest in United States Patent No. 7,683,072 entitled "OXYCODONE HYDROCHLORIDE HAVING LESS THAN 25 PPM 14-HYDROXYCODEINONE" ("the '072 patent"), including all right to sue and to recover for past infringement thereof, which patent is listed in the FDA's Orange Book as covering the drug OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '072 patent is attached hereto as Exhibit D, which was duly and legally issued on March 23, 2010, naming Robert Chapman, Lonn S. Rider, Qi Hong, Donald Kyle, and Robert Kupper as the inventors.

19.   Plaintiff Grünenthal is the lawful owner of all right, title and interest in United States Patent No. 7,776,314 entitled "ABUSE-PROOFED DOSAGE SYSTEM" ("the '314 patent"), including the right to sue and to recover for past infringement thereof.  Plaintiff Purdue Pharma is the exclusive licensee of the '314 patent from Grünenthal, with the right to enforce the '314 patent.  The '314 patent is listed in the FDA's Orange Book as covering the drug OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '314 patent is attached hereto as Exhibit E, which was duly and legally issued on August 17, 2010, naming Johannes Bartholomäus and Heinrich Kugelmann as the inventors.

## DEFENDANT'S ANDA

20.   Upon information and belief, Sandoz submitted ANDA No. 202762 to the FDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, sale, offer for sale or importation of generic oxycodone hydrochloride extended release tablets, 10 mg, 15 mg, 20 mg, 30 mg, and 60

6

mg, ("proposed generic copies of OxyContin®") based on the Reference Listed Drug ("RLD")
OxyContin®, which is the subject of approved NDA No. 022272, before the expiration of the
'963, '799, '800, '072, and '314 patents.

21.     Upon information and belief, Sandoz's ANDA No. 202762 contains a
"Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '963, '799,
'800, '072, and '314 patents, listed in the FDA's Orange Book as covering the drug OxyContin®,
which is the subject of approved NDA No. 022272, are "invalid, unenforceable and/or will not
be infringed" by the commercial manufacture, use, sale, offer for sale, or importation of its
proposed generic copies of OxyContin®.

22.     In letters dated December 22, 2011 addressed to Plaintiffs and received by
Plaintiffs Purdue Pharma, P.F. Labs, Purdue Pharmaceuticals, Rhodes, and the University of
Texas on or about December 23, 2011, Sandoz provided "Notice" with respect to its proposed
generic copies of OxyContin® and the '963, '799, '800, '072, and '314 patents under 21 U.S.C. §
355(j)(2)(B).

23.     Sandoz's submission of its ANDA was an act of infringement of the '963,
'799, '800, '072, and '314 patents under the United States Patent Law, 35 U.S.C. § 271(e)(2)(A).

24.     Upon information and belief, Sandoz's proposed generic copies of
OxyContin® are covered by one or more claims of the '963, '799, '800, '072, and '314 patents.

25.     Upon information and belief, Sandoz's commercial manufacture, use, sale,
and/or offer for sale of its proposed generic copies of OxyContin® would infringe, contribute to
the infringement of, and/or induce the infringement of one or more claims of the '963, '799,
'800, '072, and '314 patents.

26.     Upon information and belief, Sandoz has been aware of the existence of

the '963, '799, '800, '072, and '314 patents, and has no reasonable basis for believing that its proposed generic copies of OxyContin® will not infringe the '963, '799, '800, '072, and '314 patents, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

27.     The acts of infringement by Sandoz set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, and will continue unless enjoined by this Court.

WHEREFORE, Plaintiffs pray for judgment:

A.     Adjudging that Sandoz has infringed the '963, '799, '800, '072, and '314 patents, and that the commercial sale, offer for sale, use, and/or manufacture of its proposed generic copies of OxyContin® described in ANDA No. 202762 would infringe, induce infringement of, and/or contribute to the infringement of the '963, '799, '800, '072, and '314 patents;

B.     Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 202762, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), to be a date not earlier than the dates of expiration of the '963, '799, '800, '072, and '314 patents plus any additional periods of exclusivity;

C.     Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Sandoz, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product that infringes the '963, '799, '800, '072, and '314 patents;

D.    Declaring this an exceptional case and awarding Plaintiffs their attorneys'

fees, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

E.    Awarding Plaintiffs such other and further relief as this Court may deem

just and proper.

Dated:  February 3, 2012

**ROPES & GRAY LLP**

Pablo D. Hendler
Sona Dé
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
pablo.hendler@ropesgray.com
sona.de@ropesgray.com

Robert J. Goldman
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4000
robert.goldman@ropesgray.com

*Attorneys for Plaintiffs*
  *Purdue Pharma L.P.,*
  *The P.F. Laboratories, Inc.,*
  *Purdue Pharmaceuticals L.P.,*
  *Rhodes Technologies, and*
  *Board of Regents of the University of*
  *Texas System*

Dated:  February 3, 2012

**R. KUNSTADT, P.C.**

Robert M. Kunstadt (RK-7320)
Ilaria Maggioni (IM-7220)
875 Sixth Avenue, Suite 1800
New York, New York 10001
(212) 398-8881
mail@RKunstadtPC.com

*Attorneys for Plaintiff*
  *Grünenthal GmbH*

*Of counsel for Plaintiff*
*Grünenthal GmbH:*

**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
Basil J. Lewris
Joann M. Neth
Jennifer Roscetti
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000
bill.lewris@finnegan.com
joann.neth@finnegan.com
jennifer.roscetti@finnegan.com

Anthony C. Tridico
Avenue Louise 326, Box 37
Brussels, Belgium B-1050
011 32 2 646 03 53
anthony.tridico@finnegan.com